1    Jeffrey I. Hasson                                    The Honorable Tana Lin
     Hasson Law, LLC
2    9385 SW Locust Street
     Tigard, OR 97223
3    Phone: (503) 255-5352
     Facsimile No.: (503) 255-6124
4    E-Mail: hasson@hassonlawllc.com
     Washington State Bar No. 23741
5
          Attorney for Asset Recovery Group, Inc.
6

7

8

9

10                        UNITED STATES DISTRICT COURT

11                       WESTERN DISTRICT OF WASHINGTON

12                                   AT SEATTLE

13   SARAH PITERA,                          Case No.: 2:22-cv-00255-TL

14                          Plaintiff,      DEFENDANT ASSET RECOVERY GROUP,
                                            INC.'S REPLY TO PLAINTIFF'S RESPONSE
15        vs.                               TO ASSET'S RULE 12 (B)(6) MOTION TO
                                            DISMISS
16   ASSET RECOVERY GROUP, INC.,
                                            NOTED FOR HEARING:
17                          Defendant.      April 1, 2022

18                    I.      INTRODUCTION

19        Pitera's Complaint fails to state a claim.  Defendant Asset Recovery Group, Inc.'s

20   ("Asset's") 2022 conduct in renewing the judgment did not violate the FDCPA or WCPA.

21        Asset's 2012 conduct in obtaining Default Judgment is outside of the statutes of limitation

22   of both the FDCPA and WCPA.  For purposes of this motion, we must assume the facts are

23   construed in favor of the Plaintiff Sarah Pitera ("Pitera") so whether Asset's conduct was

24   appropriate, or not will not be at issue in this Motion.

25        Pitera cannot save expiration of the statutes of limitation by equitable tolling or equitable

26   estoppel because Pitera has not pleaded the elements of either theory.

     DEFENDANT ASSET RECOVERY GROUP, INC.'S            **HASSON LAW, LLC**
     REPLY TO PLAINTIFF'S RESPONSE TO ASSET'S              9385 SW Locust Street
     RULE 12 (B)(6) MOTION TO DISMISS- 1                      Tigard, OR 97223
     Case No. 2:22-cv-00255-TL                         Telephone No. (503) 255-5352
                                                       Facsimile No. (503) 255-6124

1

## II.    REPLY TO FACTS

Asset properly listed the applicable facts from Pitera's Complaint in Asset's Motion to Dismiss.

In Pitera's Response, Pitera improperly drew conclusions from the facts by using descriptive words like "covertly".  Those conclusions will be ignored in this Reply.

## III.    POINTS AND AUTHORITIES

### A.  *Rotkiske v. Klemm.*

The Supreme Court unanimously stated, "We hold that, absent the application of an equitable doctrine, the statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019).

> Rotkiske does not contest the plain meaning of § 1692k(d)'s text or claim that he brought suit within one year of the alleged FDCPA violation. Instead, he suggests that we should interpret § 1692k(d) to include a general "discovery rule" that applies to all FDCPA actions. In effect, Rotkiske asks the Court to read in a provision stating that § 1692k(d)'s limitations period begins to run on the date an alleged FDCPA violation is discovered.

> This expansive approach to the discovery rule is a "bad wine of recent vintage." .... It is a fundamental principle of statutory interpretation that "absent provision[s] cannot be supplied by the courts." ... To do so " 'is not a construction of a statute, but, in effect, an enlargement of it by the court.' ...

> Atextual judicial supplementation is particularly inappropriate when, as here, Congress has shown that it knows how to adopt the omitted language or provision. Congress has enacted statutes that expressly include the language Rotkiske asks us to read in, setting limitations periods to run from the date on which the violation occurs *or the date of discovery of such violation*. ... In fact, at the time Congress enacted the FDCPA, many statutes included provisions that, in certain circumstances, would begin the running of a limitations period upon the *discovery* of a violation, injury, or some other event. ...

> It is not our role to second-guess Congress' decision to include a "violation occurs" provision, rather than a discovery provision, in § 1692k(d). The length of a limitations period "reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones." .... It is Congress, not this Court, that balances those interests. We simply enforce the value judgments made by Congress.  (Citations omitted).

DEFENDANT ASSET RECOVERY GROUP, INC.'S
REPLY TO PLAINTIFF'S RESPONSE TO ASSET'S
RULE 12 (B)(6) MOTION TO DISMISS- 2
Case No. 2:22-cv-00255-TL

**HASSON LAW, LLC**
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

*Rotkiske*, 140 S. Ct. at 360–361.

*Rotkiske* made clear that the discovery rule is simply not applicable to an FDCPA case.

In *Rotkiske,* Debt Collector filed a collection lawsuit against Debtor.  The collection lawsuit was served on someone other than Debtor.  In 2009, Debt Collector obtained default judgment against Debtor.  Debtor claimed Debtor did not have notice of the debt collection lawsuit until 2014.  Thereafter, in 2015, Debtor filed Debtor's FDCPA claim against Debt Collector.

The *Rotkiske* District Court dismissed the FDCPA claim, holding that the discovery rule did not apply and holding "Rotkiske was not entitled to equitable tolling because, even accepting the truth of the allegations in the complaint, he was not misled by Klemm's conduct."  *Rotkiske*, 140 S. Ct. at 359.

Accepting the truth of the allegations in Pitera's Complaint that are eerily similar to the facts in *Rotkiske*, like *Rotkiske,* equitable tolling would not apply because Pitera was not misled by Asset's conduct.

*Rotkiske,* is the law.  Pitera's case is nothing more than an attempt to avoid the *Rotkiske* holding that the discovery rule does not apply to FDCPA claims.

**B.  Reply to Equitable Tolling[1]--See Section III(F)(1) of Pitera's Response.**

"We will apply equitable tolling in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045–46 (9th Cir. 2011).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[1] While the Eighth Circuit declines to apply equitable tolling and equitable estoppel because they deem 15 U.S.C. § 1692k(d) jurisdictional, the Ninth Circuit has not spoken on this issue.  See *Hageman v. Barton*, 817 F.3d 611, 616 (8th Cir. 2016); but see contrary holding at *Clark v. Bonded Adjustment Co.*, 176 F. Supp. 2d 1062 (E.D. Wash. 2001).  Thus, if the Court believes that the FDCPA statute of limitations is not jurisdictional, we will respond to the equitable arguments.  If the Court determines 15 U.S.C. § 1692k(d) jurisdictional, the Court must dismiss this case because equitable tolling and equitable estoppel would not be available as a defense to a jurisdictional statute.

DEFENDANT ASSET RECOVERY GROUP, INC.'S
REPLY TO PLAINTIFF'S RESPONSE TO ASSET'S
RULE 12 (B)(6) MOTION TO DISMISS- 3
Case No. 2:22-cv-00255-TL

**H A S S O N   L A W,   L L C**
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1    circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (habeas corpus

2    case where petitioner was not diligent such that equitable tolling was denied).

3         "Equitable tolling focuses primarily on the plaintiff's excusable ignorance of the

4    limitations period." *Hensley v. United States*, 531 F.3d 1052, 1057 (9th Cir. 2008).

5         "The doctrine is not available to avoid the consequences of one's own negligence."

6    *Hensley*, 531 F.3d at 1058.

7              As both the Supreme Court and the Ninth Circuit have made clear, simply
         establishing the existence of an "extraordinary circumstance" is not enough to

8         invoke the equitable tolling doctrine. A petitioner also must show that he acted
         diligently *and* must establish a causal connection between the extraordinary

9         circumstance and the federal petition's untimeliness. "A petitioner must show that
         his untimeliness was caused by an external impediment and not by his own lack

10        of diligence." *Nguyen v. Yates*, No. CV 09-4128-VAP(MAN), 2010 WL 2569246
         (C.D. Cal. Apr. 29, 2010), citing to *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056,

11        1061 (9th Cir. 2007).

12   Pitera claims she was diligent as follows:

13        (1)    Pitera claims that "Pitera had no way of knowing that ARG had secretly moved

14   for default judgment." Dkt. # 10, p. 16 and Section III(D) of Pitera's Response.

15        (2)    Pitera further claims that the law has requirements for notice, and a reasonable

16   person would rely on the law. Dkt. # 10, p. 16.

17        (3)    Pitera claims that it is unreasonable for Pitera to check the court file for the filing

18   of a default judgment. Dkt. # 10, p. 16.

19        Each of these premises are false, and will be examined further in this brief.

20        Pitera seems be trying to attempt to excuse her behavior in not acting diligently, and not

21   filing an action against Asset timely through sympathy based on Pitera's purported lack of

22   knowledge of the legal system. See Dkt. # 1-1, p. 2 ¶ 8, p. 3 ¶ 16; Dkt. 10, p. 5, l. 16-17. This

23   simply is not a defense.

24        "It is clear that *pro se* status, on its own, is not enough to warrant equitable tolling."

25   Ignorance of the law and lack of legal sophistication do not constitute "extraordinary

26   circumstances" warranting equitable tolling. *Nguyen*, 2010 WL 2569246, citing to *Roy v.*

DEFENDANT ASSET RECOVERY GROUP, INC.'S
REPLY TO PLAINTIFF'S RESPONSE TO ASSET'S
RULE 12 (B)(6) MOTION TO DISMISS- 4
Case No. 2:22-cv-00255-TL

**HASSON LAW, LLC**
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1   *Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) and *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th
2   Cir. 2006).

3       Pitera's lack of familiarity with the legal system is not extraordinary circumstances
4   warranting equitable tolling.  Thus, Pitera does not even try to plead that some extraordinary
5   circumstance stood in her way.  Thus, equitable tolling should be denied for lack of
6   extraordinary circumstance.

7       Even if Pitera had pleaded some extraordinary circumstance, equitable tolling would fail.
8       In response to Pitera's first premise, there were many ways of knowing that Asset had
9   moved for default judgment, and, under the circumstances, Pitera should have checked to see
10  what was filed in this case.

11      On February 27, 2012, Pitera had received a letter a letter from Asset's attorney that says,
12  in part:  "If you are interested in resolving this matter, please contact my legal assistant, Erin
13  Hazel, by March 12, 2012.  Otherwise, we intend to proceed as provided by law."  Dkt. # 1-1, p.
14  18, Ex. D.

15      After March 12, 2012, Pitera should have checked if the matter had concluded.  Was a
16  default judgment filed?  Was a dismissal filed?  Was a motion for summary judgment filed?
17  Was the case set for trial?  Pitera had a deadline; the deadline had passed; and Pitera chose to do
18  nothing after the deadline had passed.

19      Pitera had not received notice of dismissal of the case so Pitera should have assumed that
20  the case was still pending sometime between 2012 and 2022.

21      More importantly, there was a way of knowing whether Asset had moved for default
22  judgment—Pitera could have checked what was in the court file.

23      In response to the second premise, Pitera's conclusion is nonsensical.  What Pitera is
24  really saying is that a reasonable person would rely on Asset following the law?  If this were the
25  case, there would be no need for the FDCPA or WCPA for those circumstances when the law is
26  not followed.  It would be reasonable to think that during the ten years between March 12, 2012

DEFENDANT ASSET RECOVERY GROUP, INC.'S
REPLY TO PLAINTIFF'S RESPONSE TO ASSET'S
RULE 12 (B)(6) MOTION TO DISMISS- 5
Case No. 2:22-cv-00255-TL

1   and February 7, 2022, Pitera would check to see if the collection lawsuit was dismissed.  Pitera
2   did not so act.  Pitera was not diligent in responding to Asset's attorney's letter deadline to see if
3   Asset had proceeded.

4       In response to the third premise, there is no authority for the conclusion that it is
5   unreasonable for Pitera to check the court file after she receives a letter from Asset's attorney
6   that says, in part:  "please contact my legal assistant, Erin Hazel, by March 12, 2012.  Otherwise,
7   we intend to proceed as provided by law."  Dkt. # 1-1, p. 18, Ex. D.  It is more than reasonable to
8   expect a person to check the court file to determine if the matter has been concluded if they do
9   not want to communicate with the collection agency.

10      Pitera's facts are not unlike the facts of other cases where the Plaintiff was not diligent.

11      In *Cervantes,* the plaintiffs attempted to invoke equitable tolling.  The plaintiffs were
12  Spanish speaking and the loan documents were in English.  The Court denied equitable tolling
13  because the plaintiffs did not allege circumstances beyond their control that prevented them from
14  seeking a translation of the loan documents that they signed and received.

15      In this case, like the Plaintiff in *Cervantes,* Pitera has not alleged circumstances beyond
16  Pitera's control that prevented her from seeking legal representation.  Her only excuse for not
17  responding was she is not a lawyer or legally trained.  See Dkt. # 1-1, p. 2, ¶ 8.  Not being legally
18  trained is not evidence of equitable tolling.

19      In *Hensley*, 531 F.3d 1052, a case cited by Pitera, the Court reversed the District Court's
20  holding, and denied equitable tolling based on lack of diligence.  In that case, there was a
21  personal injury arising from a motor vehicle accident with a car driven by a Navy officer.  The
22  motorist did not have actual knowledge that the office was acting within the scope of his federal
23  employment at the time of the accident.  The court found that the motorist's failure to investigate
24  the officer's status at the time of the accident did not amount to diligence.

25      Pitera pleads that in the last communication with Pitera, Asset's attorney wrote, after
26  reviewing Asset's position with Pitera:  "If you are interested in resolving this matter, please

DEFENDANT ASSET RECOVERY GROUP, INC.'S
REPLY TO PLAINTIFF'S RESPONSE TO ASSET'S
RULE 12 (B)(6) MOTION TO DISMISS- 6
Case No. 2:22-cv-00255-TL

1    contact my legal assistant, Erin Hazel, by March 12, 2012.  Otherwise, we intend to proceed as

2    provided by law." Dkt. # 1-1, p. 18, Ex. D.

3            Pitera chose not to accept Asset's invitation to Erin Hazel by March 12, 2012.

4            Pitera alleges "After Ms. Pitera contacted her insurer and treatment provider, she was

5    confident that ARG had ascertained that she did not owe the money." Dkt. # 1-1, p. 2, ¶ 10.  She

6    did not contact Asset to obtain this information.  Asset is not responsible for what Pitera's

7    insurer or treatment provider told Pitera.  Like in *Hensley,* relying on a third party is not diligent

8    conduct.

9            Pitera does not allege circumstances beyond her control that prevented Pitera from

10    contacting Asset.  Thus, she does not allege the elements of equitable tolling.

11            Construing the facts in the light most favorable to Pitera, Pitera has not pleaded diligence

12    and Pitera has not pleaded extraordinary circumstance stood in Pitera's way of filing a Complaint

13    against Asset or discovering the default judgment had been entered.  Thus, equitable tolling does

14    not apply as a matter of law.

15    **C.  Reply to Equitable Estoppel—See Section III(E and F(2)) of Pitera's Response.**

16            Equitable estoppel focuses on the defendant's affirmative actions that
      prevent a plaintiff from filing a suit. *Keenan v. BNSF Ry. Co.*, No. C07-130BHS,
17    2008 WL 2434107, at *6 (W.D. Wash. June 12, 2008). To determine whether
      equitable estoppel applies, courts consider several factors, "such as whether the
18    plaintiff actually relied on the defendant's representations, whether such reliance
      was reasonable, whether there is evidence that the defendant's purpose was
19    improper, whether the defendant had actual or constructive knowledge that its
      conduct was deceptive, and whether the purposes of the statute of limitations have
20    been satisfied." *Id.* (citing *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1177 (9th Cir.
      2000)).

21
      *Tompkins v. Union Pac. R. Co.*, No. 2:12-CV-01481 JAM, 2013 WL 904897, at
22    *3 (E.D. Cal. Mar. 8, 2013).

23    The elements of equitable estoppel are not present in this case.

24            **a.  Asset moved for Judgment against Pitera on March 5, 2012 and Asset
                  sent its letter to Pitera on February 27, 2012.**
25
26    It is important to clarify one of Pitera's factual allegations.  Pitera wrongly argues that

DEFENDANT ASSET RECOVERY GROUP, INC.'S
REPLY TO PLAINTIFF'S RESPONSE TO ASSET'S
RULE 12 (B)(6) MOTION TO DISMISS- 7
Case No. 2:22-cv-00255-TL

HASSON LAW, LLC
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1    Asset moved for its Judgment on the same date that Asset sent its February 27, 2012 letter.  See

2    Dkt. # 10, p. 17.

3        Asset sent its letter to Pitera dated February 27, 2012.  Asset did not move for Default

4    Judgment until March 5, 2012.  See Dkt. # 1-1, p. 18 Ex. D, and p. 20, Ex. E.

5        While the Motion and Declaration for Default Judgment were SIGNED on February 27,

6    2012, the Motion and Declaration for Default Judgment were FILED on March 5, 2012.  The

7    Default Judgment was signed by the Judge on March 7, 2012.  See Dkt. # 1-1, p. 18 Ex. D, and

8    p. 20-25, Ex. E.

9        Thus, Asset did not move for judgment on the same date as Asset sent its February 27,

10   2012 letter as argued by Pitera.  Asset moved for judgment on March 5, 2022 when the Motion

11   was filed.

12       Since that false fact was the basis for equitable estoppel, Pitera's equitable estoppel fails.

13          **b.  "If you are interested in resolving this matter, please contact my legal**
             **assistant [] by March 12, 2012" is not the basis for equitable estoppel.**

14       As pleaded in Pitera's Complaint, Asset's attorney made the statement "If you are

15   interested in resolving this matter, please contact my legal assistant [] by March 12, 2012."  Dkt.

16   # 1-1, p.2, ¶ 9 and p. 18, Ex. D.

17       But, construing the facts in the light most favorable to Pitera, the statement was not false.

18   Further, there is no pleading that (1) Pitera actually relied on the Asset's statement; (2) whether

19   such reliance was reasonable; (3) Asset's purpose was improper; or (4) whether Asset had actual

20   or constructive knowledge that Asset's statement was deceptive.

21       Despite the Complaint's allegation, Pitera's Response does not make any argument that

22   this statement provides the basis for equitable estoppel.  Thus, equitable estoppel fails as a matter

23   of law.

24       Because this statement could not be construed as preventing Pitera from filing her action

25   in this case, Pitera should not be allowed to attempt to plead that this statement was the basis of

26

DEFENDANT ASSET RECOVERY GROUP, INC.'S
REPLY TO PLAINTIFF'S RESPONSE TO ASSET'S
RULE 12 (B)(6) MOTION TO DISMISS- 8
Case No. 2:22-cv-00255-TL

equitable estoppel.

          c.  **"Otherwise we intend to proceed as provided by law" is not the basis for equitable estoppel.**

Pitera argues in her Response that a statement other than what is in Pitera's Complaint provides the basis for equitable estoppel.  See Dkt. # 10, p. 17.

Asset's attorney made the statement "Otherwise we intend to proceed as provided by law" as argued by Pitera.

But, construing the facts in the light most favorable to Pitera, the statement is not false. Further, and more importantly, Pitera has not pleaded that the statement was false.

The statement is "we INTEND to proceed as provided by law."  Pitera does not plead that Asset did not INTEND to proceed as provided by law on February 27, 2012.

While Pitera argues that Asset did not proceed as provided by law, this is irrelevant to equitable estoppel.

Pitera does not plead that Asset did not intend to proceed as provided by law on February 27, 2012.

Obviously, Pitera cannot prove Asset did not INTEND to proceed as provided by law on that date.  While Pitera contends Asset DID NOT proceed as provided by law, this fact does not prove Asset's intention on that date.  Thus, this statement could never be the basis for equitable estoppel.

More importantly, Pitera's Complaint does not plead that Pitera actually relied on this statement.  In fact, the only reliance Pitera pleaded is Pitera's reliance on Asset's lack of communication with her.  See Dkt. # 1-1, p. 5, l. 3-5.

Pitera's Complaint does not plead reliance on this statement by Pitera was reasonable.

Pitera's Complaint does not plead Asset had actual or constructive knowledge that Asset's conduct was deceptive by making this statement.

Thus, the elements of equitable estoppel as to this statement are not pleaded by Pitera.

DEFENDANT ASSET RECOVERY GROUP, INC.'S
REPLY TO PLAINTIFF'S RESPONSE TO ASSET'S
RULE 12 (B)(6) MOTION TO DISMISS- 9
Case No. 2:22-cv-00255-TL

**HASSON LAW, LLC**
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

The elements of equitable estoppel as to this statement could never be pleaded because the statement is not false, and did not prevent Pitera from filing a suit against Asset.

**D.  *Shepard v. Holmes* Reply—See Second III(C, F and G) of Plaintiff's Response.**

Pitera's attempt to distinguish *Shepard v. Holmes*, 185 Wash. App. 730 (2014) fail.

*Shepard* was a cause of action based on breach of contract, misrepresentation and violation of the CPA.  It interpreted and applied the discovery rule to a CPA claim.  Application of the discovery rule under the CPA was based on the fraud or misrepresentation statute (RCW 4.16.080).  See *Shepard*, 185 Wash. App. at 739–740.

The decision in *Shepard* did not limit constructive notice of a public record to real estate transactions.

Instead, *Shepard* held that based on the holding in *Strong v. Clark*, 56 Wash. 2d 230 (1960), *Shepard* had constructive notice under the facts of the *Shepard* case.  See *Shepard*, 185 Wash. App. at 740–743.

Under Washington law, Pitera had notice of her claim when the judgment was entered. Pitera should have checked to see if her clam was dismissed sometime in the four years that passed receipt of notice that Asset would be proceeding.  Pitera could have checked with a lawyer to help her see whether the case was resolved.  Pitera could have checked with Asset or Asset's attorney to see if the case was resolved.  Pitera took no action, and Pitera chose not to review the public record during that period of time.

Thus, the discovery rule does not save Pitera's CPA claims as a matter of law since the limitation expired four years after the judgment was entered.

**E.  Reply to Pitera's Argument in Section III(F(3) and H) of Pitera's Response.**

As already briefed, no motion to vacate Asset's Judgment and or the renewal thereof.

Further, as already briefed, Asset's judgment is not void.

Additionally, Pitera did not move to vacate Asset's Judgment within the one year time limit.  Thus, a Motion to Vacate Asset's Judgment would fail as a matter of law.

DEFENDANT ASSET RECOVERY GROUP, INC.'S
REPLY TO PLAINTIFF'S RESPONSE TO ASSET'S
RULE 12 (B)(6) MOTION TO DISMISS- 10
Case No. 2:22-cv-00255-TL

HASSON LAW, LLC
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Thus, the conduct of renewing Asset's Judgment was not a violation of the FDCPA or WCPA as a matter of law.

Pitera's reliance on *Weinstein v. Mandarich L. Grp., LLP*, 798 F. App'x 88 (9th Cir. 2019) is misplaced.  The case clearly said, "This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3."  Id.

In *Weinstein,* the Court held that the matter was filed within the statute of limitations based on independent claims that garnishments served within the statute of limitations violated the FDCPA and CPA and saved the expiration of the statute of limitations on the Complaint. *Weinstein*, 798 F. App'x at 91.

Unlike *Weinstein,* there is no independent violation for renewal of the judgment in Pitera.

Further, in *Weinstein,* Weinstein's attorney [Pitera's same attorney] incorrectly pleaded that the judgment in that case was void, completely distinguishing *Weinstein* from this case since the judgment in Pitera is voidable under the law—not void.

On December 19, 2017, in *Thomas Weinstein v. Mandarich Law Group, LLP,* Western Washington District Court Case No. 2:17-CV-01897-RSM Dkt. # 1-3 attached [Asset requests the Court to take judicial notice of this document], Weinstein's/Pitera's attorney pleaded [Mandarich Law Group, LLP]

¶ 36(i).  Filed two writs of garnishment on a ***void judgment***, and obtained funds from Mr. Weinstein's employer on a garnishment, even though the ***judgment was void.***

¶ 47(c).  Garnishment fees that were unnecessary given the fact that Mr. Weinstein consistently made payments under the agreement, and those fees were based on a ***void judgment.***

¶ 51(d)  Added garnishment fees and attorney fees to the alleged balance owed, despite the ***judgment being void***.

¶ 51(e)  Garnished Mr. Weinstein's employer on a ***void judgment.  ]***

¶ 58  Specifically , Plaintiff seeks an injunction prohibiting Defendant from its unlawful collection tactics, including but not limited to failing to inform defendant of default motions in violation of CR 55, obtaining default judgments through misrepresentations to the Court, and garnishing employers on ***void***

DEFENDANT ASSET RECOVERY GROUP, INC.'S
REPLY TO PLAINTIFF'S RESPONSE TO ASSET'S
RULE 12 (B)(6) MOTION TO DISMISS- 11
Case No. 2:22-cv-00255-TL

**HASSON LAW, LLC**
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

*judgments.  [For Emphasis.*

*Rabbage v. Lorella*, 5 Wash. App. 2d 289, 298 (2018) was entered after the filing of Weinstein's Complaint, holding judgments entered in those circumstances are not void.

Thus, the above allegations in the Weinstein Complaint were incorrect as a matter of law.

Because the judgment was only voidable under Washington law, if Weinstein had relied on the judgment date for the violation, the statute of limitations would have expired.

The holding in *Weinstein* is distinguishable from the Pitera case.

**F.  Reply to Request to Amend—See Section III(I) of Pitera's Response.**

Pitera's request to amend should be denied as futile.

The conduct on February 7, 2022 in renewing the judgment was not a violation of the FDCPA or WCPA as all the representations in the renewal were accurate.

The conduct in 2012 is beyond both the FDCPA and WCPA statutes of limitations.

Pitera cannot plead the elements of equitable tolling because Pitera did not exhibit any conduct between 2012 and 2022 such that she could never allege she acted diligently.  Pitera cannot plead any extraordinary circumstances between 2012 and 2022 that caused a delay in filing Pitera's Complaint because neither Asset nor Pitera took any action at all.

Pitera cannot plead the elements of equitable estoppel because Asset did not cause Pitera to miss the limitation deadline by any conduct.

Thus, the Court should not allow Pitera to file an Amended Complaint.

## IV.    CONCLUSION

For the reasons provided herein, Asset requests that this Court dismiss with prejudice all of Pitera's claims against Asset.

Dated March 30, 2022.

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, WSBA#23741
Hasson Law, LLC
*Attorney for Asset*

DEFENDANT ASSET RECOVERY GROUP, INC.'S
REPLY TO PLAINTIFF'S RESPONSE TO ASSET'S
RULE 12 (B)(6) MOTION TO DISMISS- 12
Case No. 2:22-cv-00255-TL

**HASSON LAW, LLC**
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1

Certificate of Service

2
       I hereby certify that on <u>March 30, 2022,</u> I electronically filed the foregoing with the Clerk

3
of the Court using the CM/ECF System which will send notification of such filing to the
following: <u>Jason D. Anderson and T. Tyler Santiago</u> and I hereby certify that I have mailed by
United States Postal Service the document to the following non-CM/ECF participants:

4

5
<u>s/ Jeffrey I. Hasson</u>
Jeffrey I. Hasson, WSBA#23741

6
Attorney for Asset
Hasson Law, LLC

7
9385 SW Locust Street
Tigard, OR 97223

8
Phone: (503) 255-5352
Facsimile: (503) 255-6124

9
E-Mail: hasson@hassonlawllc.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1
Case No. 2:22-cv-00255-TL

HASSON LAW, LLC
9385 SW Locust Street
Tigard, OR 97223
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124