United States District Court
Western District of Washington
at Seattle

| | |
|---|---|
| SARAH PITERA,<br><br>      Plaintiff,<br>  v.<br><br>ASSET RECOVERY GROUP INC.,<br><br>      Defendant. | Case No. 2:22-cv-00255-TL<br><br>Order Denying Defendant's Motion for Interlocutory Appeal and Stay |

This matter is before the Court on Defendant's 28 U.S.C. § 1292(b) Motion for an Order Certifying Interlocutory Appeal and Motion to Stay Litigation Pending Appeal. Dkt. No. 19. Plaintiff Sarah Pitera brings claims against Defendant Asset Recovery Group, Inc. ("ARG") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Washington Consumer Protection Act ("WCPA"). RCW 19.86 *et seq*. Dkt. No. 1-1. Having reviewed the Parties' briefing and the relevant record, the Court finds this case improper for interlocutory appeal and denies Defendant's motion.


# I. RELEVANT BACKGROUND

On March 9, 2022, Defendant filed a Motion to Dismiss Plaintiff's FDCPA claims on the grounds that Plaintiff failed to bring her claim within the one-year statute of limitations period under 15 U.S.C. § 1692(k).[1] Dkt. No. 5. Plaintiff did not dispute that she filed her FDCPA claims after the statute of limitations period but argued instead for equitable relief from the FDCPA limitations period. Dkt. No. 10. Defendant argued that the Supreme Court's holding in *Rotkiske v. Klemm*, 140 S. Ct. 355 (2019), refusing to apply a textual discovery rule exception to the FDCPA's clear language that a suit may be brought "within one year from the date on which the violation occurs" precludes the application of any equitable tolling doctrine to the FDCPA limitations period. Dkt. No. 12 at 2-3. Defendant further argued that in any event, Plaintiff failed to state a claim for the application of any equitable doctrine to the FDCPA limitations period. *Id.* at 3-10. The Court denied Defendant's motion on August 26, 2022, finding that Plaintiff may proceed with her FDCPA claims under the doctrine of equitable estoppel. Dkt. No. 16. The Court explicitly refrained from reaching the discovery rule or equitable tolling issues. Dkt. No. 16 at 6.

Defendant now moves for an order certifying three questions for interlocutory appeal: (1) whether the equitable, fraud specific discovery rule applies to the FDCPA's statute of limitations period ("Ground One"); (2) whether equitable estoppel applies to the FDCPA's limitations period ("Ground Two"); and (3) whether equitable tolling applies to the FDCPA's statute of limitations period ("Ground Three"). Dkt. No. 19 at 2-3. In response, Plaintiff argues that (1) the scope of potential certification for appeal is limited to whether equitable estoppel applies to her FDCPA claims and (2) the Defendant's question is not ripe for interlocutory appeal because the law is clear that equitable doctrines apply to federal statutes. Dkt. No. 21 at 3.

---

[1] Defendant also argued that Plaintiff's state law claims were untimely but does not appear to seek appeal of the Court's determination on that issue.

Defendant renews its argument that the Supreme Court's decision in *Rotkiske* calls into question whether equitable doctrines apply to FDCPA claims at all. Dkt. No. 24 at 1-3.

## II.   LEGAL STANDARD

Generally, appellate courts should not review a district court ruling until after entry of a final judgement except in "exceptional circumstances" where allowing an interlocutory appeal would "avoid protracted or expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026); *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir.1959) (stating that interlocutory appeals under section 1292(b) should "be applied sparingly"); *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir.2002) (stating that interlocutory appeals are only permitted "in rare circumstances"). Here, Defendant invokes the narrow exception to the final judgment rule embodied in 28 U.S.C. § 1292(b).

28 U.S.C. § 1292(b) contains three requirements for certification of interlocutory appeal of a non-final order: a district judge must find that (1) an order involves a controlling question of law; (2) there is substantial ground for difference of opinion with regard to the controlling question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 8 U.S.C. § 1292(b). The Court must expressly find in writing that all three certification requirements are met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

## III.   DISCUSSION

Here, Plaintiff does not appear to dispute that the proposed appeal might materially advance the litigation. *See* Dkt. No. 21 (silent as to this issue). Plaintiff instead argues that Defendant's proposed questions for certification are inappropriate because they fail to identify a controlling question of law on which there is substantial grounds for differing opinion. *Id.* The Court agrees with Plaintiff.

A.  **Grounds One and Three**

Ground One and Ground Three seek certification of issues the Court explicitly did not decide. In its order denying Defendant's motion to dismiss, the Court made a finding for equitable estoppel but stated that "it will not address the discovery rule or equitable tolling." Dkt. No. 16 at 6. The controlling question must arise from the order certified by the court and "not from any other orders that *may* have been entered." *C.f. United States v. Stanley*, 483 U.S. 669, 677 (1987) (emphasis added); *see also Mothershead v. Wofford*, 2022 WL 2755929, at *1 (W.D. Wash. July 14, 2022) (noting that "it would be improper to certify the appeal based on an issue not actually contained in the Order").

B.  **Ground Two**

Of the three proposed questions, the only potential candidate for certification is whether the Court properly applied the doctrine of equitable estoppel to the FDCPA statute of limitations. However, that question fails to raise a sufficient question of law. "A controlling question of law must be one of law—not fact." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022); *accord Northwestern Ohio Adm'rs v. Walcher & Fox*, 270 F.3d 1018, 1023 (6th Cir. 2001) ("Because this is an interlocutory appeal, we have no authority to review the district court's findings of fact, but must confine our review to ... questions of law.").

As the Court noted in its order, "'the benefits of equitable doctrines is that they allow courts to fashion remedies *tailored to the circumstances of the case*.'" Dkt. No. 16 at 5 (emphasis added) (quoting *Smith v. Davis*, 953 F.3d 582, 599-600, n.9 (9th Cir.), *cert. denied*, 141 S. Ct. 878 (2020)). Because the order was dismissal on a Rule 12(b)(6) motion to dismiss, the Court's order centered on whether Plaintiff had plausibly alleged sufficient facts to assert a claim for equitable estoppel. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). To state a claim for equitable estoppel, Plaintiff was

required to plead facts that plausibly assert "(1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance." *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) (citing *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir.1991)); *see also* Dkt. No. 16 at 6. In other words, a finding of equitable estoppel is a mixed question of law and fact, not a pure question of law. *C.f. Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1069 (2020) (a question which has both factual and legal elements is a "mixed question of law and fact.") (internal citation omitted).

      The Court reviewed the specific facts asserted in Plaintiff's Complaint taking her claims as true and construing all reasonable inferences in her favor, *Iqbal*, 556 U.S. at 678, to determine whether Plaintiff plausibly stated a claim for equitable estoppel. *See, e.g.*, Dkt. No. 16 at 6-10. The fact intensive nature of the Court's analysis in the order shows that Defendant's proposed question regarding the Court's application of equitable estoppel is not a pure question of law and is therefore inappropriate as a controlling question upon which interlocutory appeal may be granted. *See Steering Comm. v. United States*, 6 F.3d 572, 575 (9th Cir. 1993) (holding that "the presence of a pure legal question permits the [appellate] court to resolve all questions material to the order [being appealed from]").

      Defendant contends that by rejecting its argument that equitable doctrines are categorically barred from the FDCPA claim "the Court held that equitable doctrines apply to the text of 15 U.S.C. § 1692(k)(d)" as a matter of law. Dkt. No. 24 at 2. This is a mischaracterization of the Court's finding because stating that Defendant failed to show that equitable doctrines are categorically barred is not the equivalent of stating that equitable doctrines apply as a matter of law. The Court applied only the doctrine of equitable estoppel to the facts as alleged in the Complaint at the motion to dismiss stage of the case. However, even though it is not the question

upon which Defendant seeks certification (*see* Dkt. No. 19 at 1), assuming *arguendo* that the question of whether equitable doctrines apply at all is a pure question of law that could materially affect the outcome of this litigation, the Court finds that interlocutory appeal is still inappropriate because Defendant fails to show that there are substantial grounds for differing opinions.

There is a presumption that equitable doctrines apply to federal statutes of limitations in the Ninth Circuit. *In re Milby*, 875 F.3d 1229, 1232 (9th Cir. 2017); *see also Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1188 (9th Cir. 2001), *overruled on other grounds by Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020). Defendant argues that because the Supreme Court held that the text of the FDCPA's statute of limitations did not support application of the discovery rule, the state of the law as to whether equitable doctrines apply to the FDCPA more generally is uncertain. Dkt. No. 24 at 2 (citing *Rotkiske*, 140 S. Ct. at 361). However, the Court in *Rotkiske* explicitly refrained from deciding whether equitable doctrines apply generally to the FDCPA's statute of limitations. 140 S. Ct. at 357 (2019). In fact, the *Rotkiske* Court's statutory interpretation was directly premised on the absence of equitable doctrines that could otherwise be applied to provide relief from the limitations period. *Id.* ("We hold that, *absent the application of an equitable doctrine*, the statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered" (emphasis added)).

Although it appears that no other Court in the Ninth Circuit has ever applied equitable estoppel to allow an otherwise untimely FDCPA claim to proceed, just because a court is the first to decide a particular question does not support the conclusion that there is a substantial difference of opinion. The Ninth Circuit has held that "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is

controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Couch*, 611 F.3d at 633 (internal quotation and citation omitted). The Ninth Circuit has adopted the presumption that equitable doctrines apply to federal statutes. *In re Milby*, 875 F.3d at 1232. Nothing in *Rotkiske* disturbs this presumption.

## IV.   CONCLUSION

Accordingly, the Court DENIES Defendant's Motion for an Order Certifying Interlocutory Appeal and Motion to Stay Litigation Pending Appeal. Dkt. No. 19.

Dated this 7th day of November 2022.

Tana Lin
United States District Judge