UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH PITERA,<br><br>            Plaintiff,<br><br>vs.<br><br>ASSET RECOVERY GROUP, INC.,<br><br>           Defendant. | NO. 2:22−cv−00255-TL<br><br>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br><br>April 28, 2023 |

## I. <u>INTRODUCTION</u>

This case differs little from when this Court issued its ruling denying Defendant's motion to dismiss. Dkt. #16. In short, Defendant Asset Recovery Group, Inc. ("ARG") brought a debt-collection lawsuit against Plaintiff Sarah Pitera. Ms. Pitera responded, in writing, and the two sides engaged in written correspondence, concluding with ARG's assertion that it would "proceed as provided by law." That same day, however, ARG also began the process to obtain a default judgment – without providing any notice, as required by law – which it obtained one week later. Ms. Pitera, not knowing what else to do (and not notified of the motion for default), waited for ARG to move forward with the case. The next move came nearly one decade later, when ARG moved to renew its ill-gotten judgment and Ms. Pitera finally learned what had happened.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1
2:22−CV−00255-TL

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

That ARG's actions violate state and federal law cannot be reasonably disputed; in particular, the Fair Debt Collection Practices Act ("FDCPA"), the Washington Collection Agency Act ("WCAA") and the Consumer Protection Act ("CPA"). (This Court also observed that these actions implicate multiple rules of professional conduct. Dkt. #16 at 8.) The only remaining issue is whether Ms. Pitera's claims are timely.

Ms. Pitera's FDCPA claims are timely under equitable doctrines (either equitable estoppel, as discussed in this Court's prior ruling, or equitable tolling). The former (estoppel) focuses on conduct of the defendant, while the latter (tolling) focuses on the actions of the plaintiff. Under either approach, there was no *reasonable* way for Ms. Pitera to have known about the covertly-obtained default judgment in 2012, as ARG not only made written representations to induce inaction, but also failed to follow its legal responsibilities to notify Ms. Pitera of its motion for default. In short, Ms. Pitera was allowed to rely on ARG following the law.

Ms. Pitera's state law claims (those arising under the WCAA, and also claims under the CPA stemming from FDCPA violations) however, are timely, as Washington follows the discovery rule for CPA claims.

This Court's ruling on the motion to dismiss controls the outcome here; ARG violated the law and Ms. Pitera's claims are viable. Ms. Pitera respectfully requests this Court enter summary judgment in her favor on the issue of liability.

## II.　FACTS

### A. Ms. Pitera is Served With a Debt-Collection Lawsuit in 2012

On or about January 21, 2012, Sarah Pitera (Plaintiff herein), was served with a debt-collection lawsuit from Asset Recovery Group, Inc. ("ARG"), in a case captioned *Asset Recovery Group, Inc. v. Sarah Pitera*, King County District Court no. 124-10032 (the "collection lawsuit").

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2
2:22−CV−00255-TL

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

Declaration of Sarah Pitera ("*Pitera Decl.*") at ¶ 2; Declaration of Jason D. Anderson ("*Anderson Decl.*") at Ex. A.

Later that same month (January 2012), Ms. Pitera – who makes a point of saying that she is neither a lawyer nor legally-trained – responded to ARG in a letter. *Pitera Decl.* at Ex. A. In short, the lawsuit concerned a supposed medical debt, but Ms. Pitera's understanding was that her insurance would have paid any bills in full. *Id.* at ¶ 3. Therefore, Ms. Pitera wanted to let ARG know that she disputed the debt and disagreed that she owed money. *Id.* at Ex. A.

### B. ARG Responds to Ms. Pitera and Correspondence Ensues

In early February 2012, Ms. Pitera received a letter from ARG (dated February 6, 2012) which referenced Ms. Pitera's correspondence. *Pitera Decl.* at Ex. B. Based on the letter, Ms. Pitera still did not understand why she would owe money for a procedure which she understood to have been pre-approved and covered in full. *Id.* at ¶¶ 3-6.

Shortly after, also in February 2012, Ms. Pitera again wrote to ARG in response, believing that ARG should be required to prove that she owed money. *Pitera Decl.* at Ex. C.

ARG again responded, this time with a letter dated February 27, 2012, and again acknowledged receipt of Ms. Pitera's letter. *Pitera Decl.* at Ex. D. The letter concluded: "If you are interested in resolving this matter, please contact my legal assistant [] by March 12, 2012. Otherwise we intend to proceed as provided by law." *Id.*

While a licensed attorney may have had a different belief, Ms. Pitera – who, again, is not a lawyer – was under the impression that ARG would contact her if it was going to proceed with the lawsuit, although Ms. Pitera did not have a thorough understanding of the formal process of litigation. *Pitera Decl.* at ¶ 8. In short, Ms. Pitera did not really know what to do, so she went back to raising her family and working to support her family. *Id.* at ¶¶ 8-9.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3
2:22−CV−00255-TL

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

### C. ARG Covertly Moves for a Default Judgment

Unbeknownst to Ms. Pitera, on February 27, 2012 – *the very same day* ARG sent her a letter promising "to proceed as provided by law" – ARG covertly moved for a default judgment in violation of CRLJ 55's requirement to notify Ms. Pitera. *Anderson Decl*. at Ex. B (motion and order for default judgment). ARG moved so quickly that it had obtained a default judgment by March 7, 2012, which was five days before ARG's entreaty for settlement dialogue in its letter (to contact its legal assistant by March 12, 2012). ARG then sat on its ill-obtained judgment for several years.

### D. ARG Contacts Ms. Pitera in 2022

In February 2022, Sarah Pitera received correspondence from ARG which appeared to be a substitution of counsel and motion to renew the judgment (as it was nearing its expiration). *Pitera Decl*. at ¶¶ 10-12, Exhibits E, F. Ms. Pitera simply did not know how to react; she was very concerned by the frequency of the term "judgment" that appeared in the documents, but did not know if the matter was legitimate or something else entirely. *Pitera Decl*. at ¶ 13. Ms. Pitera, at a loss for what to do or how to understand what was happening, contacted an attorney to determine her rights in that situation. *Id*. at ¶ 14.

### E. Subsequent Procedural History of this Case

This case was brought in late February 2022 in King County Superior Court and removed to this Court by Defendant ARG shortly thereafter. Dkt. #1. As anticipated by the text of Plaintiff's Complaint, ARG moved to dismiss, largely on the statute of limitations grounds, which this Court denied in August 2022. Dkt. #16. In doing so, the Court rejected ARG's argument that it was "nonsensical" for Ms. Pitera to have relied on the representations made by ARG and its lawyer simply because consumer protection statutes exist. Dkt. #16 at 8, n.2.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4
2:22−CV−00255-TL

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1   This Court also denied ARG's subsequent motion for interlocutory appeal, finding that there are no substantial grounds for differing opinion on whether equitable doctrines apply to the FDCPA. Dkt. #25.

### III. LAW AND ARGUMENT

#### A. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the initial burden is met, the opposing party must then set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986).

Facts must be viewed in the light most favorable to the non-moving party <u>only if there is a *genuine* dispute to those facts</u>. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. (citation omitted). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and the Court should grant summary judgment. *Id*.

#### B. Legal Standard: The FDCPA Imposes Strict Liability on Debt Collectors, and Whether a Communication is False or Misleading is Governed by an Objective Standard.

1. <u>The FDCPA is a strict-liability statute construed liberally in favor of debtors.</u>

The Fair Debt Collection Practices Act was enacted to protect consumers from improper or abusive debt collection efforts. 15 U.S.C. § 1692. The FDCPA is a strict-liability statute which "makes debt collectors liable for violations that are not knowing or intentional." *Reichert v. Nat'l*

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5
2:22−cv−00255-TL

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

*Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008); *see also McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). "A single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997).

The FDCPA is a remedial statute construed liberally in favor of the consumer. *Tourgeman v. Collins Fin. Servs, Inc.*, 755 F.3d 1109, 1118 (9th Cir. 2014); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) ("we wish to reinforce that the broad remedial purpose of the FDCPA is concerned primarily with the likely effect of various collection practices on the minds of unsophisticated debtors.").

    2. <u>The "least sophisticated consumer" standard applies to Plaintiff's FDCPA claims.</u>

The FDCPA's "statutory text itself is aimed squarely at the debt collector's conduct, rather than at its effect on the consumer." *Tourgeman*, 755 F.3d at 1117. In determining whether a § 1692e (false or misleading representations) or § 1692f (unfair practices) violation has occurred, courts apply the "least sophisticated consumer"[1] standard. *Wade v. Regional Credit Ass'n.*, 87 F.3d 1098, 1100 (9th Cir. 1996). "The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (citation and internal quotation marks omitted).[2] The inquiry is therefore objective; it is not relevant whether a particular person was actually misled.

The least sophisticated consumer standard "protects all consumers, the gullible as well as

---

[1] This is alternatively termed the "least sophisticated debtor" standard.

[2] *See also Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007) (The "least sophisticated consumer" standard is from the perspective "of the average consumer in the lowest quartile (or some other substantial bottom fraction) of consumer competence.")

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6
2:22−CV−00255-TL

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

the shrewd...the ignorant, the unthinking, and the credulous." *Clark*, 460 F.3d at 1171 (citation and quotation omitted). "Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). Whether a violation of §§ 1692e or 1692f has occurred is a question of law. *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997).

### C. Defendant Is Subject To The FDCPA and WCAA

It is not a matter for meaningful dispute that ARG is a "debt collector" under 15 U.S.C. §1692a(6) and a "collection agency" under RCW 19.16.100(4). *See* Dkt. #20 (Answer) at ¶ 2; *Anderson Decl.* at Ex. A (collection complaint identifying ARG as a debt collector carrying a collection agency license).

Similarly, there can be no dispute that Plaintiff is a "consumer" under 15 U.S.C. § 1692a(3) and "debtor" as defined by RCW 19.16.100(8), as the alleged debt arises out of a medical bill. *Anderson Decl.* Ex. A.

As an additional matter, to the extent ARG attempts to dispute whether it took any particular actions, Plaintiff observes that in both state and federal court, corporations can only act in legal proceedings through counsel. *See Cottringer v. State, Dep't of Employment Sec.*, 162 Wn. App. 782, 787 (2011); *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994).

### D. Defendant Violated the FDCPA

Under Washington law, CRLJ 55[3] requires that a plaintiff provide written notice of a motion for default judgment to *any* party who has appeared for *any* purpose. CRLJ 55(a)(3). Even a single telephone call constitutes an "appearance" under the liberally-interpreted standards, and,

---

[3] The relevant provisions are identical to those contained in the analogous Superior Court rule, CR 55.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7
2:22−CV−00255-TL

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

therefore, seeking and obtaining a default judgment in violation of this rule violates the FDCPA. *See Sims v. Midland Funding LLC*, WL 1546135 (W.D. Wash. Apr. 20, 2021); *Weinstein v. Mandarich Law Grp., LLP*, 2018 WL 6199249 (W.D. Wash. Nov. 28, 2018), *aff'd*, 798 Fed. Appx. 88 (9th Cir. 2019).

As Ms. Pitera had exchanged numerous letters with ARG after she was served, ARG's acquisition of the default judgment violated 15 U.S.C. §§ 1692e and 1692f. *Id*.

Section 1692e, generally, prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). A misstatement need not be knowing or intentional to support liability. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006). Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." Needless to say, ARG used false, deceptive, and/or misleading representations in obtaining its default judgment.

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *Donohue*, 592 F.3d at 1030. Again, ARG's actions (in securing a covert default judgment) are most certainly "unfair or unconscionable means" to attempt to collect a debt, thus violating 15 U.S.C. § 1692f.

**E. <u>Ms. Pitera Could Not Have *Reasonably* Known of the Covert Default Judgment</u>**

Everything Ms. Pitera argued in her response to the motion to dismiss remains true today. Dkt. #10 at 9-11. Ms. Pitera exchanged multiple letters with ARG after she was served with the collection lawsuit, in response to the assertions in the collection lawsuit. CRLJ 55 mandates that under these circumstances, Ms. Pitera was entitled to notice of a motion for default, and ARG failed to comply with this requirement. Ms. Pitera is entitled to rely on this rule. *Deegan v.*

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8
2:22−CV−00255-TL

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

*Windermere Real Estate/Ctr.-Isle, Inc.*, 197 Wn. App. 875, 893 (2017) ("Washington law generally presumes that people know the applicable laws").

Moreover, not only was Ms. Pitera unaware of the default judgment, but Ms. Pitera *had no reason to know* of the judgment, since there was a legal requirement that she be notified before any further steps were taken in the collection lawsuit. ARG vigorously argued (in its motion to dismiss) that it was somehow Ms. Pitera's responsibility to monitor the court file for any potentially unlawful filings by ARG. In short, this was not her responsibility; complying with the law was ARG's responsibility. While ARG's hindsight logic is appealing – yes, Ms. Pitera *could* have driven to the courthouse and *could* have done any number of things – it is also a fallacy. Given what Ms. Pitera knew, what she was told, and the text of the law and court rules, there is no reason Ms. Pitera was *required* to do anything other than expect that ARG would comply with the law.

Plaintiff repeats herself, but ARG's underlying argument is that (1) the very action which violated the law (seeking a judgment without giving notice) is also (2) the action which immunizes ARG from any claims (because somehow it was Ms. Pitera's responsibility to check up on ARG's legal compliance). Our legal system is not so poorly designed as to punish victims in this manner.

### F. Plaintiff's FDCPA Claims are Timely Under Equitable Estoppel

In its Order denying the motion to dismiss, this Court focused on equitable estoppel, and Plaintiff will begin there as well. Dkt. #16 at 6-10.

"The doctrine of equitable estoppel, often referred to as fraudulent concealment, is based on the principle that a party should not be allowed to benefit from its own wrongdoing." *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) (internal citation and quotation omitted). While equitable tolling (discussed below) focuses on the actions of a plaintiff, equitable

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9
2:22−CV−00255-TL

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

estoppel focuses on the actions of the defendant, and may be raised to estop a defendant from asserting a statute of limitations defense. *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998). While the elements of equitable estoppel have been phrased in slightly different formulations by the Ninth Circuit, the underlying principles remain the same, including that any list of factors is "non-exhaustive." *See*, *e.g.*, *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002). Plaintiff meets either formulation for equitable estoppel:

> (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied.

*Johnson*, 314 F.3d at 414 (citation omitted);

> (1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance.

*Estate of Amaro*, 653 F.3d at 813.

Fundamentally, this case revolves around documents and their contents. Thus, the Court's observations (in the Order denying the motion to dismiss) remain accurate today; for example, ARG had communications with Ms. Pitera in writing after she was served with the collection lawsuit, and ARG represented to the state court that Ms. Pitera had not appeared (and thus needed no notice). Dkt. #16 at 6.

This is the case for each of the elements of equitable estoppel – namely, that this Court has already correctly analyzed the issue, as the contents of the documents are self-evident. Plaintiff relied on ARG's assertion that it would "proceed as provided by law," even if she did not have an encyclopedic understanding of what the law required, Ms. Pitera believed the law to be fair and would yield her a day in court to be heard. *Pitera Decl*. at ¶ 8. This was reasonable because of

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10
2:22−CV−00255-TL

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

the numerous ethical and legal duties imposed on ARG and its counsel. Dkt. #16 at 8. Ms. Pitera agrees that "Defendant's post-judgment actions reinforce the inference of wrongful intent." Dkt. #16 at 9.

Likewise, Plaintiff agrees with this Court's assessment of the "detrimental reliance" factor and will not belabor the point. Dkt. #16 at 9. The facts remain unchanged from those alleged in the Complaint; this makes sense given the document-based nature of this case.

As a result, Plaintiff asserts that her FDCPA claims are timely as a result of the application of equitable estoppel. The Ninth Circuit distilled this equity-based doctrine into "the principle that a party should not be allowed to benefit from its own wrongdoing," which is the case here. *Estate of Amaro*, 653 F.3d at 813. ARG should not be immunized from consequences for its improperly-obtained default judgment (from which it can further profit with a decade of interest).

### G. Plaintiff's Claims are Timely Pursuant to Equitable Tolling

Absent the application of equitable estoppel (which would apply as a consequence of Defendant's actions), the doctrine of equitable tolling is also applicable to Ms. Pitera's case. Equitable tolling "applies in situations where, despite all due diligence, [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence of the claim, or where the party invoking the doctrine has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Hensley v. United States*, 531 F.3d 1052, 1057–58 (9th Cir. 2008) (internal citations and quotations omitted). The doctrine is not available (A) "to avoid the consequences of one's own negligence" or (B) when a party fails "to exercise due diligence in preserving his legal rights." *Id*.

Equitable tolling "has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11
2:22−CV−00255-TL

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

It focuses on whether there was excusable delay by the plaintiff: If a **<u>reasonable plaintiff</u>** would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit." *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002) (citation omitted) (emphasis added).

"Equity exists to address specific circumstances and not to create blanket, prospective rules or applications." *Smith v. Davis*, 953 F.3d 582, 590 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 878 (2020). "Because equity requires a court to deal with the case before it, complete with its unique circumstances and characteristics, courts must take a flexible approach in applying equitable principles." *Id*.

Ms. Pitera is an excellent candidate for the application of equitable tolling.[4] Again, Plaintiff recognizes that, in *theory*, she *could* have done many things, including what ARG has suggested, which primarily involves repeated "just in case" trips to the courthouse. What matters here is whether a <u>reasonable</u> plaintiff would not have known of ARG's actions until February 2022. No <u>reasonable</u> plaintiff would need to obsessively monitor whether a debt collector and its counsel are complying with the law (in this case, providing notice of the motion for default). A reasonable plaintiff would be precisely where Ms. Pitera is today – surprised that these actions occurred behind her back, and immediately taking action to assert her rights.

**H. <u>Plaintiff's Claims are Timely as Arising From a Continuing Violation</u>**

To the extent neither of the foregoing equitable doctrines apply, Plaintiff asserts that ARG's conduct constitutes a "continuing violation," thus rendering her claims timely. The

---

[4] Plaintiff incorporates her prior briefing, dkt. #10 at 17-18, concerning the Ninth Circuit's affirmance of equitable tolling in another case where a debt collector obtained a covert default judgment when notice was required but not given. *Weinstein v. Mandarich Law Grp., LLP*, 798 Fed. Appx. 88, 90 (9th Cir. 2019) (affirming *Weinstein v. Mandarich Law Grp., LLP*, 2018 WL 6199249 at *2 (W.D. Wash. Nov. 28, 2018)).

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 12
2:22−CV−00255-TL

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

"continuing violation" doctrine appears to arise from employment discrimination and § 1983 claims, permitting a plaintiff to seek relief "for events outside the limitations period." *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 746 (9th Cir. 2019) (citation omitted). The doctrine would apply to "a series of related acts, one or more of which falls within the limitations period[.]" *Id*. (citing *Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997)).

There is little authority concerning the intersection of the FDCPA and the continuing violation doctrine. In *Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F. Supp. 2d 1156, 1162 (N.D. Cal. 2003), the court reasoned that application of the doctrine serves the purposes underlying the FDCPA.[5] *See also Goldsmith v. Aargon Agency, Inc.*, 2018 WL 1567848 at *5 (D. Nev. Mar. 30, 2018). Other courts have been reluctant to apply the doctrine outside of employment discrimination cases, absent a "pattern" of repeated telephone calls. *See Whitt v. Richland Holdings, Inc.*, 2018 WL 2972925 at *7 (D. Nev. Apr. 27, 2018). Many district court decisions appear to identify the potential application of the continuing violation doctrine (or "theory") but decide the matter on other grounds.

Plaintiff asserts that her case is well-suited to application of the equitable doctrines identified above, and that this Court also need not decide the matter on a "continuing violation" basis. Nevertheless, Plaintiff notes that the very function of renewing a judgment is to "continue" the "validity" of the ill-gotten default judgment, and absent any other exceptions, the "continuing violation" doctrine serves as a backstop for Ms. Pitera's claims.

---

[5] The facts of that case demonstrate the difficulty of a one-size-fits-all formulation of the rule, as the acts at issue were numerous phone calls from a debt collector. A court could either construe each individual phone call as a "discrete act" or as part of a collection campaign overall. The same tension applies here – ARG would certainly argue that its conduct included "discrete acts," while Ms. Pitera would (more plausibly) assert that renewing the ill-gotten judgment is a quintessential example of "continuing" particular conduct.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 13
2:22−CV−00255-TL

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

## I. Defendant Violated the WCAA as Enforced Through the CPA[6]

The WCAA is enforced through the Washington Consumer Protection Act. Under *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784 (1986), a CPA plaintiff must establish five elements: (1) an unfair or deceptive practice, (2) occurring in trade or commerce, (3) which affects the public interest, (4) an injury to the plaintiff's business or property, (5) that the injury was caused by the unfair or deceptive practice. A WCAA violation is a "per se" violation of the CPA, and satisfies the <u>first two elements</u> (unfair or deceptive practice and occurring in trade or commerce). *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 53 (2009). A violation of the WCAA has since been definitively determined to satisfy the <u>third element</u>, "public interest impact," as well. *Id.* at 54 (With respect to the WCAA and CPA, "the business of debt collection affects the public interest…"). All that remains is whether there was "injury," as that term of art is used by Washington jurisprudence, and whether it was caused by Defendant's conduct.

The CPA addresses "injuries" rather than "damages"; quantifiable monetary loss is not required. *Panag* 166 Wn.2d 58. Simply consulting an attorney is sufficient to show injury. *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412 (2014) (*citing Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 62 (2009)). In other words, to borrow from a contractual idiom, "a mere peppercorn will suffice."

The remaining elements – injury and causation – are plainly met as well. As stated above, "injury" can be fleeting or minimal for a CPA violation.

---

[6] Defendant ARG concedes that the discovery rule applies to CPA claims. Dkt. #5 at 4. *See also Mayer v. Sto Indus. Inc.*, 123 Wn.App. 443, 463 (2004), *affirmed in part*, *reversed in part on other grounds*, 156 Wn.2d 677 (2006).

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 14
2:22−CV−00255-TL

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

Plaintiff incurred expenses in seeking counsel to determine her legal rights and responsibilities, and this suffices for purposes of establishing this element. *Schore v. Renton Collections, Inc.*, 2018 WL 2018417, at *5 (W.D. Wash. May 1, 2018); *Frias*, 181 Wn.2d 412; *Pitera Decl.* at ¶ 14. The extent or amount is not pertinent to this motion, which seeks summary judgment as to liability alone.

### Specific Violations

RCW 19.16.250(21) prohibits the collection, or attempted collection, of any amounts in addition to the principal of a claim other than allowable interest, collection costs, or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs. Several courtshave found that demanding money that is not owed or assessing fees, costs, and interest that is not owed violates RCW 19.16.250(21). *See Johnson v. Columbia Debt Recovery, LLC,* 2021 WL 796332 (W.D. Wash. Mar. 2, 2021); *Schore v. Renton Collections, Inc.*, 2018 WL 2018417 (W.D. Wash. May 1, 2018); *Weinstein v. Mandarich Law Grp., LLP*, 2018 WL 6199249 (W.D. Wash. Nov. 28, 2018), *aff'd*, 798 Fed. Appx. 88 (9th Cir. 2019); *Dawson v. Genesis Credit Mgmt., LLC*, 2017 WL 5668073 (W.D. Wash. Nov. 27, 2017). Here, Plaintiff argues that, as the judgment was wrongful, efforts to collect or prolong the wrongfully-obtained judgment would violate RCW 19.16.250(21).

RCW 19.16.250(15) states that a collection agency shall not "represent or imply that the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added." By obtaining the default judgment without giving notice, Defendant imposed additional fees and costs on Ms. Pitera which could not legally be added.

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 15
2:22−CV−00255-TL

ANDERSON | SANTIAGO
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

In addition, ARG's violations of the FDCPA – irrespective of whether any claims would otherwise be time-barred – themselves constitute *per se* violations of the CPA. *See Sims v. Midland Funding LLC*, 2021 WL 1546135 at *5 (W.D. Wash. Apr. 20, 2021) (citing *Hoffman v. Transworld Sys. Inc.*, 806 F. App'x 549, 552 n.3 (9th Cir. 2020)). A violation of the FDCPA thus constitutes an actionable violation of the CPA on a per se basis.

As the number of WCAA violations is immaterial at this time, Plaintiff need not detail the number of ways in which each statute was further violated by Defendant.

### J. **Plaintiff Does Not Seek Summary Judgment on Damages At This Time**

Plaintiff will seek recovery of her actual damages at trial and a determination of attorney's fees and costs at the conclusion of this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this motion for partial summary judgment be granted.

Dated this 6th day of April, 2023.

                                                  **ANDERSON SANTIAGO, PLLC**

                                                  By: /s/ Jason D. Anderson
                                                  Jason D. Anderson, WSBA No. 38014
                                                  T. Tyler Santiago, WSBA No. 46004
                                                  Attorney for Plaintiff
                                                  207B Sunset Blvd. N.
                                                  Renton, WA 98057
                                                  (206) 395-2665
                                                  (206) 395-2719 (fax)

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 16
2:22−cv−00255-TL

**ANDERSON | SANTIAGO**
207B SUNSET BLVD N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719